[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11887
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-00105-MW-CAS


MARK ERIC OSTERBACK,

                                                        Plaintiff - Appellant,

versus

RICK SCOTT,
CELESTE PHILIP,
MD Florida Attorney General,

                                                        Defendants - Appellees,

FLORIDA DEPARTMENT OF CORRECTIONS SECRETARY, et al.,

                                                        Defendants.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 30, 2019)

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Mark Osterback, a state prisoner, appeals *pro se* the district court's order dismissing his claim for declaratory and injunctive relief against the Governor of Florida. As relevant to this appeal, Osterback alleged that Fla. Stat. § 120.81(3), which restricts prisoners' ability to challenge state agency action through an administrative process, violates the First Amendment, Due Process Clause, and Equal Protection Clause of the United States Constitution, as well as sections of the Florida State Constitution. The Governor moved to dismiss on the basis that, under *Ex Parte Young*, 209 U.S. 123 (1908), he was not a proper defendant. The district court adopted the magistrate judge's recommendation that the Governor's motion be granted and dismissed the case. After careful review, we affirm.

## I.

Florida State Agencies, such as the Florida Department of Corrections, must comply with the Florida Administrative Procedure Act ("FAPA"), Fla. Stat. §§ 120.50-120.81. Under that law, any person "substantially affected" by an agency's rule or proposed rule "may seek an administrative determination" of its validity by filing a petition with the Florida Division of Administrative Hearings ("DAH"). Fla. Stat. § 120.56(1)(a). After an administrative law judge determines the validity of the challenged agency action, the petitioner may seek further review in Florida state

court. Fla. Stat. § 120.68. However, the FAPA specifically provides that prisoners "are not eligible to seek an administrative determination of an agency statement" under § 120.56, and "may not seek judicial review" under § 120.68. Fla. Stat. § 120.81(3)(a). The FAPA further specifies that prisoners "may be limited by the Department of Corrections to an opportunity to present evidence and argument on issues under consideration by submission of written statements concerning intended action on any department rule." Fla. Stat. § 120.81(3)(b).

The DAH is itself a state agency and is led by a director who acts as the chief administrative law judge of the state and as the division's "head for all purposes." Fla. Stat. § 120.65(1). As the leader of the DAH, the director is "statutorily responsible for final agency action." *Id.* The Florida Administration Commission, which is composed of the Governor and his cabinet, appoints the director of the DAH, who must be confirmed by the senate. Fla. Stat. §§ 14.202, 120.65(1). Under Florida law, the Governor's actions are considered agency action when he is "acting pursuant to powers other than those derived from the constitution." Fla. Stat. § 120.52(1)(a).

## II.

Count 1 of Osterback's third amended complaint, which he brought under 42 U.S.C. § 1983, alleged that Fla. Stat. § 12.81(3), the provision of the FAPA preventing prisoners from administratively challenging agency rules, violated the

3

First Amendment, Due Process Clause, and Equal Protection Clause of the United States Constitution, as well as sections of the Florida State Constitution.[1] According to Osterback, prisoners can still challenge agency action by seeking declaratory relief in state court, but that process is more burdensome than seeking administrative review.

The Governor moved to dismiss on the basis that he was not the official charged with enforcing the challenged provision and was therefore not a proper defendant. Osterback responded that the Governor was sufficiently connected with enforcement of the challenged provision because the Governor had a general responsibility to enforce the law, served as the chair of the Administration Commission, and appointed the other members of the Administration Commission, which made him responsible for appointing the director of the DAH and adopting the DAH rules of procedure.

The district court referred the Governor's motion to dismiss to a magistrate judge, who recommended that the court grant it because the Governor was not the proper defendant. The magistrate judge observed that the Governor "le[d] the executive branch of government to which the [F]APA is applicable" and "chair[ed] the Administrative Commission which, in turn, appoints the Director of the Department of Administrative Hearings." But, the magistrate judge concluded,

---

[1] Osterback does not appeal the district court's dismissal of Count 2 of his complaint.

Osterback had not cited a statute that "directs the Governor's involvement in, or enforcement of," the challenged provision. Osterback filed objections to the Report and Recommendation, criticizing the magistrate judge for not specifically addressing his argument that the Governor was a proper defendant because the Governor was included in the definition of "agency" and because his case was "very similar" to this Court's decision in *Luckey v. Harris*, 860 F.2d 1012 (11th Cir. 1988), while it was "dissimilar" to the decision in *Women's Emergency Network v. Bush*, 323 F.3d 937 (11th Cir. 2003), upon which the magistrate judge's recommendation relied.

The district court overruled Osterback's objections, adopted the Report and Recommendation, and dismissed the case. Osterback moved for rehearing and asserted that the district court had allowed him to name the Governor as the defendant in a prior case. The district court denied the motion.

This appeal followed.

## III.

We review *de novo* a district court's dismissal for failure to state a claim, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1260 (11th Cir. 2019) (*en banc*). We construe complaints prepared by a *pro se* litigant more liberally than those drafted by an attorney. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). But

5

"conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015).

## IV.

On appeal, Osterback contends that the Governor was a proper defendant under *Ex Parte Young* and that the district court should not have dismissed his complaint. We affirm.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Under that Amendment, "a state may not be sued in federal court unless it waives its sovereign immunity or its immunity is abrogated by an act of Congress under section 5 of the Fourteenth Amendment." *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011) (citing *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000)).

Under the doctrine set forth in *Ex Parte Young*, 209 U.S. 123 (1908), however, "a suit alleging a violation of the federal constitution against a state official in his official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment." *Grizzle*, 634 F.3d at 1319 (citing *Frew v. Hawkins*, 540 U.S. 431, 437 (2004)). That doctrine has

6

been described as a legal "fiction" because it "creates an imaginary distinction between the state and its officers, deeming the officers to act without the state's authority, and, hence, without immunity protection, when they enforce state laws in derogation of the Constitution." *Summit Medical Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336-37 (11th Cir. 1999).

Under *Ex Parte Young*, a litigant must bring his case "against the state official or agency responsible for enforcing the allegedly unconstitutional scheme." *ACLU v. The Florida Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993). As we have previously explained, "a state officer, in order to be an appropriate defendant, must, at a minimum, have some connection with the enforcement of the provision at issue." *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1248 (11th Cir. 1998). "Unless the state officer has some responsibility to enforce the statute or provision at issue, the 'fiction' of *Ex parte Young* cannot operate." *Summit Medical Assocs.*, 180 F.3d at 1341. Where the named defendant lacks any responsibility to enforce the statute at issue, "the state is, in fact, the real party in interest," and the suit remains prohibited by the Eleventh Amendment. *Id.*

Here, the district court correctly concluded that the Governor was not sufficiently connected with the challenged provision in order to be a proper defendant under *Ex Parte Young.* Contrary to Osterback's argument on appeal, the

Governor's constitutional and statutory authority to enforce the law and oversee the executive branch do not make him a proper defendant under *Ex Parte Young*.

As we have noted, the Governor serves as the chair of the Administrative Commission and, along with members of his cabinet, appoints the director of the DAH.  *See* Fla. Stat. §§ 14.202, 120.65(1).  And, under Fla. Stat § 120.52(1)(a), the FAPA defines the Governor himself as an agency when he acts under his nonconstitutional authority.  But even where the Governor takes agency action pursuant to his nonconstitutional authority, it remains the responsibility of the director of the DAH to enforce the challenged provision and preclude prisoners from petitioning the agency for an administrative determination of that action's validity. Fla. Stat. § 120.65(1) (making the director "statutorily responsible for final agency action").  The Governor's general authority to enforce Florida's laws and his shared responsibility for appointing the director of the DAH do not make the Governor a proper party because, as we have held, a governor's general executive authority, or even partial responsibility for administering a challenged statute, is insufficient to make the governor a proper party under *Ex Parte Young*.  *See*, *e.g.*, *Women's Emergency Network*, 323 F.3d at 957-58.

Osterback's second argument—that the district court erroneously analogized his case to *Women's Emergency Network* instead of *Luckey v. Harris*—is no more persuasive.  In *Women's Emergency Network*, we held that the Governor's "shared

authority" over the Department of Highway and Safety and Motor Vehicles was "too attenuated" to establish that the Governor was responsible for that agency's actions. 323 F.3d at 949. In *Luckey*, by contrast, we noted that the Governor had the authority to "commence criminal prosecutions" and "to direct the Attorney General" to do the same, which we held was a sufficient connection to Georgia's alleged systemic deficiencies in providing indigent defendants with a defense to make the Governor a proper defendant. 860 F.3d at 1015-16. Here, unlike in *Luckey*, the Governor does not have authority to enforce the challenged provision. Rather, as in *Women's Emergency Network*, the Governor shares the responsibility to appoint the director of the DAH who, as the chief administrative law judge, enforces the challenged provision. The Governor's shared responsibility to appoint the director of the DAH is "too attenuated" to make him a proper defendant. *Women's Emergency Network*, 323 F.3d at 949.

Osterback's final argument is that the district court's decision was inconsistent with its decision in a prior case in which it allowed the Governor to remain a defendant under what Osterback says were similar circumstances. Whatever the circumstances of that case, we are not bound by the district court's decision in that instance. And that court's decision in another case does not change our conclusion here that, as the magistrate judge correctly determined, the cited

9

statutes do not establish that the Governor was responsible for enforcing the challenged provision such that he is a proper defendant under *Ex Parte Young*.

**AFFIRMED.**